UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON R.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 2:19-cv-1032 BAT

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

        Defendant moves for an order dismissing this action for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 12. Defendant contends Plaintiff failed to file his complaint within the prescribed timeframe for seeking judicial review under 42 U.S.C. § 405(g). Plaintiff failed to respond to the motion and such failure may be considered by the Court as an admission that Defendant's motion has merit. LCR(b)(2).

        As discussed in more detail below, the Court will dismiss the complaint without prejudice, with leave for Plaintiff to submit evidence of equitable tolling within seven days.

<u>STANDARD OF REVIEW</u>

        A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). All material allegations of the complaint are taken as true and construed in the light

most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 340 (9th Cir.1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Court.1955, 1964–65 (2007).

In support of its motion to dismiss, the Commissioner submits the declaration of Christianne Voegele, Branch Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Social Security Administration. Dkt. 12-1. Attached to Ms. Voegele's declaration are the following documents: (1) August 31, 2018 Notice of Decision – Unfavorable; (2) October 31, 2018 Notice of Appeals Council Action. *Id.* Exhibits 1 and 2.

Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted). However, there are certain exceptions to this rule. First, the court may consider documents appended or attached to the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Second, a court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Third, a court may take judicial notice of matters of public record. *Lee*, 250 F.3d at 688-89 (citations omitted); *see also* Fed. R. Evid. 201.

Accordingly, the undersigned has considered the mailings and rulings of the Social Security Administration and case documents filed in this Court.

## STATEMENT OF FACTS

On August 31, 2018, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for disability under Title II of the Social Security Act. Dkt. 12-1, Voegele Decl.", ¶ 3(a); Ex. 1. Plaintiff requested review of the ALJ's decision. *Id.*, Voegele Decl. at ¶ 3(a). On October 31, 2018, the Appeals Council sent a notice denying the request for review and advising Plaintiff of his right to commence a civil action within 60 days from the date of receipt of the notice. *Id.*, Voegele Decl. at ¶ 3(a); Ex. 2 at 1-3. This notice, sent by mail to Plaintiff and his attorney, further explained that the Commissioner would assume Plaintiff received the notice five days after the date on the notice, unless Plaintiff demonstrated he did not receive it within the five-day period. *Id.*, Voegele Decl. at ¶ 3(a); Ex. 2 at 2.

On December 21, 2018, a civil action was filed in this Court, which was dismissed on June 13, 2019, for failure to prosecute. Dkt. 1, Case No. 2:18-cv-01864. Prior to dismissal of that action, Plaintiff was advised of a filing deficiency and when he did not respond, was ordered to show cause why his case should not be dismissed. *See* Dkts. 2, 4 (2:18-cv-01864). Thereafter, upon report and recommendation (after Plaintiff did not respond and/or object within fourteen days), the Court dismissed the case without prejudice. *See id.*, Dkts. 5, 6.

On July 2, 2019, Plaintiff filed his Complaint commencing this civil action. Dkt. 1.

## DISCUSSION

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941)). Judicial review of final decisions on claims arising under Title II of the Social

Security Act is provided for and limited by sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g) & (h). The remedy provided by section 205(g) is exclusive; there is no federal question jurisdiction for social security disability benefits claims. 42 U.S.C. § 405(h); *Heckler v. Ringer*, 466 U.S. 602 (1984); *Mathews v. Eldridge*, 424 U.S. 323, 327 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975).

An individual may obtain review of a final decision of the Commissioner made after a hearing to which the individual was a party, by a civil action commenced within 60 days of the mailing to the individual of notice of the decision or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). The 60-day limit is a condition on Congress's waiver of the United States' sovereign immunity and must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Therefore, Plaintiff had 60 days from the date he received the Appeals Council's notice denying his request for review to file a civil action for review of the ALJ's decision. 20 C.F.R. §§ 404.981, 422.210(a). The date Plaintiff received the Appeals Council's notice is presumed to be five days after the date on the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). The Appeals Council may extend the 60-day filing period for good cause upon written request. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).

The Appeals Council sent the notice denying Plaintiff's request for review on October 31, 2018. Dkt. 12-1, Voegele Decl. at ¶ 3(a); Ex. 2 at 1-3. Plaintiff is assumed to have received this notice five days later, on Monday, November 5, 2018, unless a reasonable showing is made to the contrary to the Appeals Council. *See* 20 C.F.R. §§ 416.1401, 422.210(c). No showing has been made to the Appeals Council that Plaintiff received his notice after November 7, 2018. *See*

Dkt. 1. Plaintiff thus had until Friday, January 4, 2019 to file his Complaint. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 404.1481, 422.210(a).

As the records of this Court indicate, Plaintiff did file a complaint on December 21, 2018, which was within the 60-day limit. *See* Dkt. 1, Case No. 2:18-cv-01864. However, that case never progressed beyond the filing of a deficient complaint and was dismissed without prejudice by the Court on June 13, 2019 for a failure to prosecute. Dkts. 5, 6. Thereafter, on July 2, 2019, Plaintiff filed the complaint in this action. Dkt. 1. Thus, the question here is whether the earlier filing of the defective lawsuit tolled Plaintiff's obligation to file a complaint within the 60-day statute of limitations.

The statute of limitations period provided by Congress in 42 U.S.C. § 405(g) serves "to move cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481. The United States Court of Appeals for the Ninth Circuit has upheld the time limitation. *Banta v. Sullivan*, 925 F.2d 343 (9th Cir. 1991). Federal courts have strictly applied the time limitation. *See*, *e.g.*, *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974) (ordering dismissal of action for filing complaint one day late); *O'Neill v. Heckler*, 579 F. Supp. 979 (E.D. Pa. 1984) (dismissing action for filing complaint one day late).

"In certain rare instances, the sixty-day statute of limitations can be excused" through the doctrine of equitable tolling. *Del Rosario v. Berryhill*, 2019 WL 506011 (N. D. Cal, Oct. 2019) (citing *Diaz v. Comm'r of Soc. Sec.*, No. 13-cv-05027-PSG, 2014 WL 1348896, at *3 (N.D. Cal. Apr. 4, 2014)). Federal courts "have typically extended equitable relief only sparingly," such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990). However, courts generally do not grant the equitable tolling of limitations periods where the claimant failed to exercise due diligence in preserving his legal rights. *Irwin*, 498 U.S. at 96 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *see also Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) ("We do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline.") (quoting *Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015)) (internal quotation marks and further citations omitted).

The record before the Court reflects that Plaintiff did not exercise due diligence in preserving his legal rights, either in Case No. 2-18-cv-01864 or in this one. Assuming the complaint he filed in Case No. 2:18-cv-01864 could be interpreted as somehow tolling the 60-day limit, Plaintiff's actions in that case do not indicate due diligence. Although he was given three opportunities to pursue prosecution of his complaint, he failed to do so. *See* Dkts. 2, 4, and 5. Similarly in this case, Plaintiff received notice and had ample time to respond to the Commissioner's motion to dismiss but failed to do so.

## CONCLUSION

The record reflects that Plaintiff did not commence this action within the period provided by 42 U.S.C. § 405(g) and that there are no circumstances warranting the tolling of the statutory period. Nevertheless, the Court concludes that Defendant's motion to dismiss will be **granted without prejudice, with leave** for Plaintiff to submit a pleading regarding equitable tolling, within seven (7) days of this Order. The Commissioner may file a response seven (7) days after

Plaintiff's filing. If Plaintiff fails to submit a pleading or fails to establish equitable tolling, the Court will dismiss this case with prejudice.

DATED this 16th day of March, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND - 7